Transamerica Insurance Co. *v.* Judie, Inc., t/d/b/a Jackie B's Restaurant, Appellant *v.* Bureau of State Lotteries, Department of Revenue, Commonwealth of Pennsylvania.

Argued February 1, 1977, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Gerald E. Ruth,* for appellant.

*G. Alan Kramer,* with him *Joseph W. McGuire,* Deputy Attorney General, *J. Justin Blewitt, Jr.,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Crumlish, Jr., May 20, 1977:

This is an appeal from an order of the common pleas court sustaining the preliminary objections of the additional defendant, the Bureau of State Lotteries (Bureau) and dismissing the action of Judie, Inc., t/d/b/a Jackie B's Restaurant (Appellant), a licensed sales agent of the Bureau.

Appellant reported the theft of 475 lottery tickets from its place of business in June of 1972. Upon learning of the theft, the Bureau invalidated the stolen tickets, withdrawing them from the forthcoming lottery.

Pursuant to a bond executed between the Commonwealth and Transamerica Insurance Company (Plaintiff), the Commonwealth assigned its right to collect the value of these tickets to Plaintiff. In June of 1975, Plaintiff commenced this action in assumpsit against Appellant in the court of common pleas for $237.50, the purchase price of the 475 tickets. Subsequently, Appellant joined the Bureau in the action, naming it as an additional defendant, and alleging that the Bureau, by invalidating the stolen tickets, illegally precluded Appellant's opportunity of winning the lottery and claimed damages of one million dollars. Judgment by default, entered against the Bureau for $1,000,000, was subsequently stricken by the court below on the basis of procedural irregularities. Subsequently, the preliminary objection of the Bureau asserting the doctrine of sovereign immunity was granted and the action against the Bureau dismissed. This appeal followed.

Appellant contends that the court below erred in its application of the doctrine of sovereign immunity. After reviewing the statutory provisions creating the Bureau and the applicable case law, we hold that the Bureau is an integral part of the Commonwealth. Because of the exclusive jurisdiction of the Board of Arbitration of Claims[1] over contractual disputes with the Commonwealth,[2] we hold that Appellant's action

---

[1] The Board was created by the Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S.§4651-1 et seq.

[2] *United Brokers Mortgage Co. v. Fidelity Philadelphia Trust Co.*, 26 Pa. Commonwealth Ct. 260, 363 A.2d 817 (1976).

against the Bureau was improperly brought before the court below.

The Bureau was created by the State Lottery Law (Law).[3] Section 4 of the Law[4] specifically states that the Bureau is created "within the *Department of Revenue.*" (Emphasis added.) Section 6 of the Law[5] places upon the *Secretary of Revenue* the duty of administering the lottery as well as the responsibility for promulgating rules and regulations governing the operation of the lottery. Licensing of agents is also performed by the Secretary of Revenue.

In *Specter v. Commonwealth,* 462 Pa. 474, 493, 341 A.2d 481, 490 (1975), cited by Appellant, our Supreme Court stripped the Turnpike Commission of its immunity and stated "that the Commission is separate and apart from the Commonwealth." Unlike the Bureau, the Turnpike Commission itself has been given the power to make "necessary rules and regulations for its own government."[6] Under Section 6 of the Law, it is the *Secretary of Revenue* who has the power to establish the type of lottery to be conducted, the prices of tickets, the prizes to be awarded and the power to regulate the licensing of agents for the sale of tickets.

We have further concluded that the financial independence of the Turnpike Commission from the Commonwealth was the primary factor leading our Supreme Court in *Specter, supra,* to hold that the Turnpike Commission is independent of the Commonwealth.[7] With respect to the Bureau's finances, Sec-

---

[3] Act of August 26, 1971, P.L. 351, *as amended,* 72 P.S. §3761-1 et seq.

[4] 72 P.S. §3761-4.

[5] 72 P.S. §3761-6.

[6] Section 4 of the Act of May 21, 1937, P.L. 774, *as amended,* 36 P.S. §652d.

[7] *United Broker Mortgage Co., supra.*

tion 12(a) of the Law[8] provides that in the event sufficient funds are not available from lottery receipts to meet the Bureau's statutory obligations, additional funds to fulfill these obligations shall be appropriated from the General Fund. In addition, unlike the Turnpike Commission which financed its initial costs of development through the sale of bonds[9] not deemed to be a debt of the Commonwealth,[10] the Bureau's development was financed by the legislature through an appropriation of one million dollars to the Department of Revenue to be repaid from lottery receipts.[11] Clearly, the Bureau does not possess the financial independence of the Turnpike Commission, but rather its economic ties are such as to render it an integral part of the Commonwealth.

We note that an extensive set of regulations has been promulgated governing the entire lottery system including conditions deemed to be agreed upon by the sales agents upon the issuance of licenses.[12] Clearly, these agreed upon conditions are in the nature of a contractual agreement between the agents and the Bureau. As we wrote in *United Brokers Mortgage Co. v. Fidelity Philadelphia Trust Co.*, 26 Pa. Commonwealth Ct. 260, 266, 363 A.2d 817, 821 (1976), ''claims against the Commonwealth arising from contracts are exclusively within the jurisdiction of the Board of Arbitration of Claims to the extent the Legislature has waived sovereign immunity in creating said Board.'' Finding Appellant's suit against the Bureau in the nature of a contractual action against the Commonwealth and therefore one which properly lies before

---

[8] 72 P.S. §3761-12(a)

[9] Section 8 of the Act of 1937, 36 P.S. §652h.

[10] Section 2 of the Act of 1937, 36 P.S. §652b.

[11] Section 16 of the Law, 72 P.S. §3761-16.

[12] Rules and Regulations of the Department of Revenue, Bureau of State Lotteries, 2 Pa. B. 408.

the Board, we transfer Appellant's claim to the Board for its consideration. Further, because of our disposition, we need not consider Appellant's second contention, namely, that the court below improperly struck the default judgment entered against the Bureau.

Accordingly, we

ORDER

AND Now, this 20th day of May, 1977, having concluded that jurisdiction over the claim of Judie, Inc., t/d/b/a Jackie B's Restaurant, properly lies in the Board of Arbitration of Claims, this action is hereby transferred to the Board of Arbitration of Claims where said action shall be considered filed as of the date the same was filed in the Court of Common Pleas of York County. The claim of Transamerica Insurance Co. shall continue in the Court of Common Pleas of York County for further proceedings not inconsistent with this opinion.